# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TOMMY LEE ADAMS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:16-CV-86-SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Tommy Lee Adams to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

After pleading guilty to several firearms and unlawful use of controlled substance charges, movant was sentenced on July 9, 2012, to 120 months' imprisonment and 2 years of supervised release. He did not appeal. Movant now seeks relief from his conviction and sentence on the grounds of ineffective assistance of counsel.

### Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final in 2013, but he did not file this motion to vacate until 2016, well after the expiration of the one-year limitations period. Thus, it appears that the instant motion to vacate is untimely.

Before taking any further action, the Court will order movant to show cause as to why this action should not be dismissed as time-barred. Movant is warned that if

he does not respond to this Order by the deadline set forth below, his motion will be dismissed without further notice to him.

Respondent will not be ordered to respond to the motion to vacate at this time. Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within thirty (30) days of the date of this Order why his 28 U.S.C. § 2255 motion to vacate should not be dismissed as time-barred.

Dated this 20th day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE